# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Jeffery Wilson,

    Petitioner

v.

Jerry Howell, et al.,

    Respondents

Case No. 2:19-cv-00549-JAD-CWH

**Order Dismissing Ground 5 of the Petition, Directing Service of and Response, and Denying Motion for Appointment of Counsel**

[ECF No. 1-1 & 2]

Pro se prisoner Jeffery Wilson brings this petition for habeas relief under 28 U.S.C. § 2254 to challenge his 2013 Nevada state-court conviction and sentence for murder and attempted murder.[1] He also asks the court to appoint counsel. Having conducted a preliminary review of Wilson's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and considered Wilson's motion for appointment of counsel, I dismiss Ground 5 of the petition, direct service of the petition and a response to the remaining claims, and deny Wilson's motion for appointment of counsel.

**A. Motion for appointment of counsel**

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[2] The court's decision to appoint counsel is generally discretionary,[3] and counsel must be appointed only if the case is so complex that denial of counsel would amount to a denial

---

[1] ECF No. 1-1.

[2] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993).

[3] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

of due process, or the petitioner is a person of such limited education that he is incapable of fairly presenting his claims.[4]

This standard is not met in this case. The petition and other filings in this case are sufficiently clear in setting forth the issues, and the issues do not appear to be particularly complex. The record as a whole demonstrates that, despite Wilson's allegation of limitations, he has been able to adequately present his claims and represent himself. Appointment of counsel is therefore not justified. So I deny the motion for appointment of counsel.

**B.  Ground 5 is not cognizable on federal habeas review.**

Ground 5 of the petition alleges ineffective assistance and other errors in Wilson's state postconviction proceedings. Such claims are not cognizable on federal habeas review.[5] So I dismiss Ground 5 of the petition.

IT IS THEREFORE ORDERED that Wilson's motion for appointment of counsel (**ECF No. 2**) is **DENIED.**

IT IS FURTHER ORDERED that Ground 5 of the petition is DISMISSED.

IT IS FURTHER ORDERED THAT t**he Clerk of Court is directed to:**

- FILE the petition (ECF No. 1-1);
- Add Nevada Attorney General Aaron D. Ford as attorney for respondents; and

---

[4] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

[5] *Martinez v. Schriro*, 623 F.3d 731, 739–40 (9th Cir. 2010), *rev'd on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012) ("[T]here is no federal constitutional right to the assistance of counsel in connection with state collateral relief proceedings, even where those proceedings constitute the first tier of review for an ineffective assistance of counsel claim."); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[E]rrors in the state post-conviction review process [are] not addressable through habeas corpus proceedings.").

2

- Informally electronically serve the Nevada Attorney General with a copy of the petition and this order.

IT IS FURTHER ORDERED that **respondents must file a response to the petition (including any motion to dismiss) by June 28, 2019**; **petitioner will then have 30 days from the date of service of that response to file a reply**. The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed by Local Rule LR 7-2(b).

IT IS FURTHER ORDERED that if respondents file a response, they must comply with these requirements, imposed under Habeas Rule 4:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Respondents must file a set of state court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments. Respondents must send a hard copy of all exhibits filed for this case to the Las Vegas Clerk's Office.

Dated: April 30, 2019

_____
U.S. District Judge Jennifer A. Dorsey