# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY WILSON,<br><br>                Petitioner,<br>v.<br><br>JERRY HOWELL, et al.,<br><br>                Respondents. | Case No. 2:19-cv-00549-JAD-DJA<br><br>**Order Granting Motion to Appoint Counsel and Motion to Seal, and Denying Motions to Dismiss and Extend Time**<br><br>[ECF Nos. 21, 22, 24, 25, 26] |

*Pro se* petitioner and Nevada state prisoner Jeffrey Wilson brings this petition for writ of habeas corpus[1] pursuant to 28 U.S.C. § 2254 to challenge his 2013 conviction for second degree murder with use of a deadly weapon and attempted murder. He moves for appointment of counsel and an extension of time to oppose Respondents' motion to dismiss.[2] Having reviewed the parties' submissions and the procedural history of Wilson's criminal case, post-conviction proceedings, and appeals, I conclude that the just course is to appoint counsel and grant Wilson's motion. I thus deny Respondents' motion to dismiss without prejudice to its reassertion and the presentation of all applicable defenses following the filing of a counseled amended petition and deny Wilson's motions to extend time as moot. Lastly, I grant Respondents' motion to seal.[3]

## Background

Wilson initiated this federal habeas proceeding in April 2019.[4] He challenges an August 2013 conviction and sentence imposed by the Eighth Judicial District Court for Clark County after he pled guilty to two counts: second degree murder with use of a deadly weapon and attempted murder.[5] Prior to sentencing, Wilson moved to withdraw his guilty plea, arguing that

---

[1] ECF No. 7.

[2] ECF No. 21, 24, 25, 26.

[3] ECF No. 22.

[4] ECF No. 1.

[5] ECF Nos. 18-28, 18-29, 18-30.

his plea was not knowing and voluntary because he was under the influence of mind-altering drugs.[6] The state court denied his request.[7] Wilson was sentenced to life with the possibility of parole after ten years for the murder, plus a consecutive term of 8–20 years for use of the deadly weapon, and a consecutive term of 8–20 years for the attempted murder.[8] On direct appeal, Wilson alleged that he was forced to take psychotropic drugs while in custody, which clouded his mind and resulted in an unknowing guilty plea.[9] In post-conviction proceedings, Wilson asserted among other things that trial counsel failed to alert the state court of his compromised mental state.[10]

In April 2019, I denied Wilson's first motion for appointment of counsel, finding that the petition presented the issues that Wilson wishes to bring sufficiently clearly, and that the issues are not particularly complex.[11] After multiple extensions of time to respond, Respondents moved to dismiss Wilson's petition, arguing that his seven grounds for relief are conclusory, non-cognizable, and unexhausted.[12] Respondents also filed the state court record.[13] Wilson has now renewed his request for appointed counsel and asks for additional time to oppose Respondents' motion to dismiss.[14]

---

[6] ECF Nos. 19-2, 19-4, 19-5, 19-11.
[7] *Id.*
[8] ECF No. 19-8.
[9] ECF Nos. 19-9, 19-18.
[10] ECF No. 19-26.
[11] ECF No. 6.
[12] ECF No. 21.
[13] ECF No. 18, 19, 20.
[14] ECF Nos. 25, 25, 26.

**Discussion**

**A.  Motions to Appoint Counsel, to Dismiss, and to Extend Time [## 21, 24, 25, 26]**

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding.[15] However, an indigent petitioner seeking relief under 28 U.S.C. § 2254 may request the appointment of counsel to pursue that relief.[16] The court has discretion to appoint counsel when the interests of justice so require.[17] The interests of justice so require "when the complexities of the case are such that denial of counsel would amount to a denial of due process."[18] In the absence of such circumstances, a request for counsel in a § 2254 proceeding is addressed to the sound discretion of the district court.[19]

Upon preliminary review of the motion to dismiss and state court record, I find that the interests of justice will be served by appointing counsel in this case. The dismissal motion suggests that the procedural history of Wilson's underlying criminal case is relatively complex. Wilson is serving a lengthy prison sentence. Moreover, Wilson's arguments before Nevada's courts plainly involve allegations of mental-health issues. I am persuaded that appointment of counsel here will serve the interests of justice, so I grant Wilson's motion.

Consistent with this Court's common practice upon the appointment of counsel in habeas matters, Wilson will be given leave for his newly appointed attorney to amend his petition. Once counsel is confirmed, I will set a deadline for counsel to file an amended petition. I thus deny Respondents' motion to dismiss without prejudice and deny Wilson's motions to extend time as moot.

---

[15] *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[16] 18 U.S.C. § 3006A(a)(2)(B).

[17] *Id.*

[18] *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

[19] *Id.* (citing *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962)).

**B.     Motion to Seal [#22]**

Turning to the motion to seal, Respondents seek leave to file under seal Wilson's Presentence Investigation Report ("PSI").[20] Under Nevada law, the PSI is "confidential and must not be made a part of any public record."[21] In accordance with Ninth Circuit precedent,[22] I find that a compelling need to protect Wilson's safety, privacy, and personal identifying information outweighs the public interest in open access to court records. So I grant the motion to seal and direct the Clerk of Court to maintain the PSI under seal.

## Conclusion

IT IS THEREFORE ORDERED that:

1. Respondents' Motion to Dismiss **[ECF No. 21] is DENIED without prejudice.**

2. Respondents' Motion to Seal **[ECF No. 22] is GRANTED. The Clerk of Court is directed to MAINTAIN the seal on ECF No. 23.**

3. Petitioner Jeffrey Wilson's Motions to Extend Time **[ECF Nos. 24, 26] are DENIED as moot**.

4. Wilson's Motion for Appointment of Counsel **[ECF No. 25] is GRANTED.**

5. The Federal Public Defender is provisionally appointed as counsel and will have **30 days** to undertake direct representation of Wilson or to indicate the office's inability to represent Wilson in these proceedings. If the Federal Public Defender is unable to represent McNeal, I will appoint alternate counsel. Counsel will represent Wilson in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 90 days from entry of the formal order of appointment.

6. Any deadline established and/or any extension thereof will not signify any implied

---

[20] ECF Nos. 22, 23.

[21] Nev. Rev. Stat. § 176.156(5).

[22] *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

finding of a basis for tolling during the time period established. Wilson at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.[23]

7. **The Clerk of Court is directed to SEND** a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division. The Clerk is further directed **to PROVIDE** the Federal Public Defender with copies of all prior filings in this case by regenerating notices of electronic filing or through such other means as is expedient for the Clerk.

Dated: March 1, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[23] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).